

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| DERRICK ANTWAN DARBY, § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. 0:20-905-MGL-PJG |
| § | |
| WARDEN OF MCCORMICK, § | |
| Respondent. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING PETITIONER'S PETITION**

Petitioner Derrick Antwan Darby (Darby) filed this as a 28 U.S.C. § 2254 petition against Warden McCormick (Warden). He is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Warden's motion for summary judgment be granted and Darby's petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 25, 2020, the Clerk of Court entered Darby's objections on October 9, 2020, and Warden filed a reply to the objections at October 13, 2020. The Court has carefully reviewed Darby's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The basis for the Magistrate Judge's suggestion that the Court grant Warden's motion for summary judgment and deny Darby's petition is that, according to her, Darby's Section 2254 petition is untimely. In Darby's objections, however, he argues he is entitled to equitable tolling such that his petition is not time barred.

The habeas statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted) (internal quotation marks omitted). In his objections, Darby summarily states that he "will show . . . [his] exercise of due diligence . . . warrant[s] equitable tolling." Objections at 1. But, then he fails to do so.

Darby has pleaded no facts and presented no evidence that warrants equitable tolling. Nor has he demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition.

Thus, Darby's Section 2254 petition is time barred and he has failed to convince the Court otherwise. Although many attempt to clear the high hurdle one is faced to be entitled to equitable tolling, most are found wanting. Darby's petition falls into that latter category. Consequently, the Court will overrule his objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Darby's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Warden's motion for summary judgment is **GRANTED** and Darby's petition is **DENIED**.

To the extent Darby requests a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of October, 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.